FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 NOV 28  AM 7:34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JASON BIGELOW AND JENNIFER | CIVIL ACTION<br>NO. 06-2531 |
| VERSUS | |
| CRESCENT TITLE, L.L.C., ROBERT BERGERON<br>DANNY DOUBLASS, ET AL. | SECTION M |

## ORDER

Before the Court is Plaintiffs' Motion to Remand, which is opposed by Defendants, and which came for hearing on November 8, 2006, with oral argument. After consideration of the motion, opposition, and applicable law, the Court grants the motion.

**FACTS:**

In December 2004, Jason Bigelow and Jennifer Bigelow purchased a residence at 5865 Memphis Street in New Orleans from Mike and Carla Rainey. Prior to the purchase, the Bigelows and the Raineys agreed that the Bigelows would assume the Raineys' standard flood insurance policy, and that this would be done by paying the policy's prorated value at closing. State Farm Fire and Casualty Company (State Farm) and the Raineys' State Farm agent, Charles Lagarde, Jr., facilitated the attempted transfer of the policy by completing a flood insurance change request form

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No _____

and faxing this form to the closing attorneys for signature at the closing. At the closing the Bigelows paid the Raineys the prorated value, but neither the Bigelows nor the Raineys were given the change request form or notified that their signatures were required. Consequently, after the December 2004 purchase, the property at 5865 Memphis Street was not covered by flood insurance. The house was flooded with six feet of water during Hurricane Katrina.

The Bigelows did not file a claim under any flood insurance policy. Rather, they filed a lawsuit in state court asserting that the closing attorneys were liable for failing to present the Bigelows and Raineys with the change request form at the closing and that State Farm and Lagarde were liable for cancelling the flood insurance policy without the signature of the Raineys or the Bigelows. Defendants removed the case from the Civil District Court of Orleans Parish to this Court, and Plaintiffs seek a remand alleging this Court does not have subject matter jurisdiction.

**ANALYSIS:**

Errors and omissions in policy procurement for flood insurance do not confer subject matter jurisdiction upon this District Court. See Landry v. State Farm Fire & Casualty, No. 2:06-cv-00181 (E.D. La. 4/25/06), citing Wright v. Allstate Ins. Co., 415 F3d 384, 390 (5th Cir. 2005). In this case, Louisiana citizens brought an action in a state court asserting negligence based upon Louisiana tort and insurance law against Louisiana attorneys and a Louisiana insurance agent for their failure to procure flood insurance on their Louisiana property. This is a matter for state court.

**Accordingly**, Plaintiffs' Motion is **GRANTED** and this case is remanded to the Civil District Court for the Parish of Orleans in accordance with 28 U.S.C. §1447(c)).

New Orleans, Louisiana, this 27th day of November, 2006.

_Peter Beer_
Peter Beer
United States District Judge